Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH CERKEZOGLU, on her own
behalf and on behalf of others similarly
situated,

            Plaintiff,

v.

SLED DISTRIBUTION, LLC, d/b/a MY
MEDIC,

            Defendant.

Case No. 3:25-cv-06189-MLP

**ANSWER**

SLED Distribution, LLC, d/b/a My Medic ("**Sled**"), through counsel, hereby answers Plaintiff's Class Action Complaint ("**Complaint**") as follows:

## I. INTRODUCTION

1.      Paragraph 1 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same.

2.      Paragraph 2 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same.

3.      Sled denies the allegations in Paragraph 3 of the Complaint.

4.      Sled denies the allegations in Paragraph 4 of the Complaint.

5.      Sled denies the allegations in Paragraph 5 of the Complaint.

6.      Sled denies the allegations in Paragraph 6 of the Complaint.

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

1       7.     Sled denies the allegations in Paragraph 7 of the Complaint.

2               **II. JURISDICTION AND VENUE**

3       8.     This case has been removed from the court where it was originally filed to this

4 court. Sled admits this court has jurisdiction over this lawsuit. The remainder of Paragraph 8 of

5 the Complaint contains legal conclusions for which no response is required, and to the extent a

6 response is required, Sled denies the same.

7       9.     This case has been removed from the court where it was originally filed to this

8 court. Sled admits venue is proper in this court. The remainder of Paragraph 9 of the Complaint

9 contains legal conclusions for which no response is required, and to the extent a response is

10 required, Sled denies the same.

11                   **III. PARTIES**

12      10.    Sled is without sufficient knowledge or information sufficient to form a belief

13 about the truth or falsity of the allegation in Paragraph 10 of the Complaint and therefore denies

14 the same.

15      11.    Sled denies the allegations in Paragraph 11 of the Complaint.

16             **IV. FACTUAL ALLEGATIONS**

17    **Subheading A**: Subheading "A" contains legal conclusions for which no response is

18 required, and to the extent a response is required, Sled denies the same.

19      12.    Paragraph 12 of the Complaint contains legal conclusions for which no response

20 is required, and to the extent a response is required, Sled denies the same.

21      13.    Paragraph 13 of the Complaint contains legal conclusions for which no response

22 is required, and to the extent a response is required, Sled denies the same.

23      14.    Sled is without sufficient knowledge or information sufficient to form a belief

24 about the truth or falsity of the allegation in Paragraph 14 of the Complaint and therefore denies

25 the same.

26      15.    Sled is without sufficient knowledge or information sufficient to form a belief

1   about the truth or falsity of the allegation in Paragraph 15 of the Complaint and therefore denies

2   the same.

3       16.     Sled is without sufficient knowledge or information sufficient to form a belief

4   about the truth or falsity of the allegation in Paragraph 16 of the Complaint and therefore denies

5   the same. To the extent the allegations of Paragraph 16 of the Complaint seek to paraphrase or

6   characterize the contents of a written document, the document speaks for itself, and Sled denies

7   the allegations to the extent that they are inconsistent with the document.

8       17.     To the extent the allegations of Paragraph 17 of the Complaint seek to paraphrase

9   or characterize the contents of a written document, the document speaks for itself, and Sled

10  denies the allegations to the extent that they are inconsistent with the document.

11      18.     Sled is without sufficient knowledge or information sufficient to form a belief

12  about the truth or falsity of the allegation in Paragraph 18 of the Complaint and therefore denies

13  the same. To the extent the allegations of Paragraph 18 of the Complaint seek to paraphrase or

14  characterize the contents of a written document, the document speaks for itself, and Sled denies

15  the allegations to the extent that they are inconsistent with the document.

16      19.     Sled is without sufficient knowledge or information sufficient to form a belief

17  about the truth or falsity of the allegation in Paragraph 19 of the Complaint and therefore denies

18  the same.

19      20.     Sled is without sufficient knowledge or information sufficient to form a belief

20  about the truth or falsity of the allegation in Paragraph 20 of the Complaint and therefore denies

21  the same.

22      21.     Sled is without sufficient knowledge or information sufficient to form a belief

23  about the truth or falsity of the allegation in Paragraph 21 of the Complaint and therefore denies

24  the same. To the extent the allegations of Paragraph 21 of the Complaint seek to paraphrase or

25  characterize the contents of a written document, the document speaks for itself, and Sled denies

26  the allegations to the extent that they are inconsistent with the document.

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

22.     Paragraph 22 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 22 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

23.     Paragraph 23 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 23 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

24.     Paragraph 24 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 24 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

25.     Paragraph 25 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 25 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

26.     Paragraph 26 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 26 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

27.     Paragraph 27 of the Complaint contains legal conclusions for which no response

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 27 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

28.    Paragraph 28 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 28 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

**Subheading B**: Sled denies the allegations in Subheading "B" of the Complaint.

29.    Sled is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegation in Paragraph 29 of the Complaint and therefore denies the same. To the extent the allegations of Paragraph 29 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

30.    Paragraph 30 of the Complaint contains legal conclusions for which no response is required, and to the extent a response is required, Sled denies the same. To the extent the allegations of Paragraph 30 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

31.    Sled is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegation in Paragraph 31 of the Complaint and therefore denies the same. To the extent the allegations of Paragraph 31 of the Complaint seek to paraphrase or characterize the contents of a written document, the document speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

32.    Sled is without sufficient knowledge or information sufficient to form a belief

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

1  about the truth or falsity of the allegation in Paragraph 32 of the Complaint and therefore denies

2  the same. To the extent the allegations of Paragraph 32 of the Complaint seek to paraphrase or

3  characterize the contents of a written document, the document speaks for itself, and Sled denies

4  the allegations to the extent that they are inconsistent with the document.

5         33.     Sled is without sufficient knowledge or information sufficient to form a belief

6  about the truth or falsity of the allegation in Paragraph 33 of the Complaint and therefore denies

7  the same. To the extent the allegations of Paragraph 33 of the Complaint seek to paraphrase or

8  characterize the contents of a written document, the document speaks for itself, and Sled denies

9  the allegations to the extent that they are inconsistent with the document.

10        34.     Sled is without sufficient knowledge or information sufficient to form a belief

11  about the truth or falsity of the allegation in Paragraph 34 of the Complaint and therefore denies

12  the same. To the extent the allegations of Paragraph 34 of the Complaint seek to paraphrase or

13  characterize the contents of a written document, the document speaks for itself, and Sled denies

14  the allegations to the extent that they are inconsistent with the document.

15        35.     Sled is without sufficient knowledge or information sufficient to form a belief

16  about the truth or falsity of the allegation in Paragraph 35 of the Complaint and therefore denies

17  the same. To the extent the allegations of Paragraph 35 of the Complaint seek to paraphrase or

18  characterize the contents of a written document, the document speaks for itself, and Sled denies

19  the allegations to the extent that they are inconsistent with the document.

20        36.     Sled is without sufficient knowledge or information sufficient to form a belief

21  about the truth or falsity of the allegation in Paragraph 36 of the Complaint and therefore denies

22  the same.

23        37.     Sled is without sufficient knowledge or information sufficient to form a belief

24  about the truth or falsity of the allegation in Paragraph 37 of the Complaint and therefore denies

25  the same. To the extent the allegations of Paragraph 37 of the Complaint seek to paraphrase or

26  characterize the contents of a written document, the document speaks for itself, and Sled denies

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

1    the allegations to the extent that they are inconsistent with the document.

2         38.    Sled is without sufficient knowledge or information sufficient to form a belief

3    about the truth or falsity of the allegation in Paragraph 38 of the Complaint and therefore denies

4    the same. To the extent the allegations of Paragraph 38 of the Complaint seek to paraphrase or

5    characterize the contents of a written document, the document speaks for itself, and Sled denies

6    the allegations to the extent that they are inconsistent with the document.

7         39.    Sled denies the allegations in Paragraph 39 of the Complaint.

8         40.    Sled admits the allegations in Paragraph 40 of the Complaint.

9         41.    Sled denies the allegations in Paragraph 41 of the Complaint.

10        42.    Sled denies the allegations in Paragraph 42 of the Complaint.

11        43.    Sled denies the allegations in Paragraph 43 of the Complaint.

12        44.    Sled denies the allegations in Paragraph 44 of the Complaint.

13        45.    Paragraph 45 of the Complaint seeks to paraphrase or characterize the contents of

14   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

15   are inconsistent with the document.

16        46.    Sled denies the allegations in Paragraph 46 of the Complaint.

17        47.    Paragraph 47 of the Complaint seeks to paraphrase or characterize the contents of

18   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

19   are inconsistent with the document.

20        48.    Paragraph 48 of the Complaint seeks to paraphrase or characterize the contents of

21   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

22   are inconsistent with the document.

23        49.    Paragraph 49 of the Complaint seeks to paraphrase or characterize the contents of

24   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

25   are inconsistent with the document.

26        50.    Paragraph 50 of the Complaint seeks to paraphrase or characterize the contents of

a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

51.     Sled denies the allegations in Paragraph 51 of the Complaint.

52.     Sled denies the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

54.     Paragraph 54 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

55.     Sled denies the allegations in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

57.     Sled denies the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

59.     Paragraph 59 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

60.     Sled denies the allegations in Paragraph 60 of the Complaint.

61.     Sled denies the allegations in Paragraph 61 of the Complaint.

62.     Sled denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

1    are inconsistent with the document.

2         64.    Paragraph 64 of the Complaint seeks to paraphrase or characterize the contents of

3    a written document, which speaks for itself, and Sled denies the allegations to the extent that they

4    are inconsistent with the document.

5         65.    Sled denies the allegations in Paragraph 65 of the Complaint.

6         66.    Paragraph 66 of the Complaint seeks to paraphrase or characterize the contents of

7    a written document, which speaks for itself, and Sled denies the allegations to the extent that they

8    are inconsistent with the document.

9         67.    Sled denies the allegations in Paragraph 67 of the Complaint.

10         68.    Paragraph 68 of the Complaint seeks to paraphrase or characterize the contents of

11   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

12   are inconsistent with the document.

13         69.    Sled denies the allegations in Paragraph 69 of the Complaint.

14         70.    Paragraph 70 of the Complaint seeks to paraphrase or characterize the contents of

15   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

16   are inconsistent with the document.

17         71.    Sled denies the allegations in Paragraph 71 of the Complaint.

18         72.    Sled denies the allegations in Paragraph 72 of the Complaint.

19         73.    Paragraph 73 of the Complaint seeks to paraphrase or characterize the contents of

20   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

21   are inconsistent with the document.

22         74.    Sled denies the allegations in Paragraph 74 of the Complaint.

23         75.    Paragraph 75 of the Complaint seeks to paraphrase or characterize the contents of

24   a written document, which speaks for itself, and Sled denies the allegations to the extent that they

25   are inconsistent with the document.

26         76.    Sled denies the allegations in Paragraph 76 of the Complaint.

ANSWER – 9
3:25-CV-06189-MLP

77. Paragraph 77 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

78. Paragraph 78 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

79. Paragraph 79 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

80. Sled denies the allegations in Paragraph 80 of the Complaint.

81. Sled denies the allegations in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

83. Paragraph 83 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

84. Sled denies the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

86. Sled denies the allegations in Paragraph 86 of the Complaint.

87. Sled denies the allegations in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

89.     Paragraph 89 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

90.     Paragraph 90 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

91.     Sled denies the allegations in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

93.     Sled denies the allegations in Paragraph 93 of the Complaint.

94.     Sled denies the allegations in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

96.     Sled denies the allegations in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

98.     Paragraph 98 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

99.     Paragraph 99 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

100.     Sled denies the allegations in Paragraph 100 of the Complaint.

1    101.    Sled denies the allegations in Paragraph 101 of the Complaint.

2    102.    Paragraph 102 of the Complaint seeks to paraphrase or characterize the contents

3    of a written document, which speaks for itself, and Sled denies the allegations to the extent that

4    they are inconsistent with the document.

5    103.    Sled denies the allegations in Paragraph 103 of the Complaint.

6    104.    Paragraph 104 of the Complaint seeks to paraphrase or characterize the contents

7    of a written document, which speaks for itself, and Sled denies the allegations to the extent that

8    they are inconsistent with the document.

9    105.    Sled denies the allegations in Paragraph 105 of the Complaint.

10    106.    Paragraph 106 of the Complaint seeks to paraphrase or characterize the contents

11    of a written document, which speaks for itself, and Sled denies the allegations to the extent that

12    they are inconsistent with the document.

13    107.    Sled denies the allegations in Paragraph 107 of the Complaint.

14    108.    Paragraph 108 of the Complaint seeks to paraphrase or characterize the contents

15    of a written document, which speaks for itself, and Sled denies the allegations to the extent that

16    they are inconsistent with the document.

17    109.    Sled denies the allegations in Paragraph 109 of the Complaint.

18    110.    Paragraph 110 of the Complaint seeks to paraphrase or characterize the contents

19    of a written document, which speaks for itself, and Sled denies the allegations to the extent that

20    they are inconsistent with the document.

21    111.    Sled denies the allegations in Paragraph 111 of the Complaint.

22    112.    Paragraph 112 of the Complaint seeks to paraphrase or characterize the contents

23    of a written document, which speaks for itself, and Sled denies the allegations to the extent that

24    they are inconsistent with the document.

25    113.    Sled denies the allegations in Paragraph 113 of the Complaint.

26    114.    Paragraph 114 of the Complaint seeks to paraphrase or characterize the contents

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

115.    Paragraph 115 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

116.    Sled denies the allegations in Paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint seeks to paraphrase or characterize the contents of a written document, which speaks for itself, and Sled denies the allegations to the extent that they are inconsistent with the document.

118.    Sled denies the allegations in Paragraph 118 of the Complaint.

119.    Sled denies the allegations in Paragraph 119 of the Complaint.

**Subheading C:** Sled denies the allegations in Subheading "C" of the Complaint.

120.    Sled denies the allegations in Paragraph 120 of the Complaint.

121.    Sled denies the allegations in Paragraph 121 of the Complaint.

122.    Sled admits that when a customer makes a purchase, a billing and shipping address are requested. Sled denies the remaining allegations in Paragraph 122 of the Complaint.

123.    Sled denies the allegations in Paragraph 123 of the Complaint.

124.    Sled admits that it uses Klaviyo to manage certain aspect of its email marketing. Pursuant to the information provided by Klaviyo, Plaintiff is located in Virginia. Sled is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegation in Paragraph 124 of the Complaint and therefore denies the same.

125.    Sled denies the allegations in Paragraph 125 of the Complaint.

126.    Sled is without sufficient knowledge or information sufficient to form a belief about the truth or falsity of the allegation in Paragraph 126 of the Complaint and therefore denies the same.

127.    Sled is without sufficient knowledge or information sufficient to form a belief

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

1    about the truth or falsity of the allegation in Paragraph 127 of the Complaint and therefore denies

2    the same.

3        128.    Sled denies the allegations in Paragraph 128 of the Complaint.

4        129.    Sled denies the allegations in Paragraph 129 of the Complaint.

5        **Subheading D**: Sled denies the allegations in Subheading "D" of the Complaint.

6        130.    Sled denies the allegations in Paragraph 130 of the Complaint.

7        131.    The Complaint seeks to paraphrase or characterize the contents of a written

8    document, which speaks for itself. Further, Sled is without sufficient knowledge or information

9    sufficient to form a belief about the truth or falsity of the allegation in Paragraph 131 of the

10   Complaint and therefore denies the same.

11       132.    Sled denies the allegations in Paragraph 132 of the Complaint.

12       133.    Sled denies the allegations in Paragraph 133 of the Complaint.

13                              **V. CLASS ALLEGATIONS**

14       134.    Paragraph 134 of the Complaint does not contain a factual allegation to which a

15   response is required. To the extent a response is required, Sled denies the allegations in

16   Paragraph 134 of the Complaint.

17       135.    Paragraph 135 of the Complaint does not contain a factual allegation to which a

18   response is required. To the extent a response is required, Sled denies the allegations in

19   Paragraph 135 of the Complaint.

20       136.    Paragraph 136 of the Complaint does not contain a factual allegation to which a

21   response is required. To the extent a response is required, Sled denies the allegations in

22   Paragraph 136 of the Complaint.

23       137.    Paragraph 137 of the Complaint does not contain a factual allegation to which a

24   response is required. To the extent a response is required, Sled denies the allegations in

25   Paragraph 137 of the Complaint.

26       138.    Paragraph 138 of the Complaint contains legal conclusions for which no response

1    is required, and to the extent a response is required, Sled denies the same.

2        139.    Paragraph 139 of the Complaint contains legal conclusions for which no response

3    is required, and to the extent a response is required, Sled denies the same.

4        140.    Sled denies the allegations in Paragraph 140 of the Complaint.

5        141.    Sled denies the allegations in Paragraph 141 of the Complaint.

6        142.    Sled denies the allegations in Paragraph 142 of the Complaint.

7        143.    Sled denies the allegations in Paragraph 143 of the Complaint.

8        144.    Sled denies the allegations in Paragraph 144 of the Complaint.

9                              **VI. CLAIMS TO RELIEF**

10                             **First Claim to Relief**

11        **Violation of the Commercial Electronic Mail Act, RCW 19.190.020**

12        145.    Sled incorporates by reference herein all responses to the allegations of the

13    Complaint set forth herein.

14        146.    Paragraph 146 of the Complaint contains legal conclusions for which no response

15    is required, and to the extent a response is required, Sled denies the same. To the extent the

16    allegations of Paragraph 146 of the Complaint seek to paraphrase or characterize the contents of

17    a written document, the document speaks for itself, and Sled denies the allegations to the extent

18    that they are inconsistent with the document.

19        147.    Paragraph 147 of the Complaint contains legal conclusions for which no response

20    is required, and to the extent a response is required, Sled denies the same.

21        148.    Sled denies the allegations in Paragraph 148 of the Complaint.

22        149.    Sled denies the allegations in Paragraph 149 of the Complaint.

23        150.    Sled denies the allegations in Paragraph 150 of the Complaint.

24        151.    Sled denies the allegations in Paragraph 151 of the Complaint.

25

26

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

1

2

## Second Claim to Relief

## Violation of the Consumer Protection Act, RCW 19.86.020

3     152.    Sled incorporates by reference herein all responses to the allegations of the

4    Complaint set forth herein.

5     153.    Paragraph 153 of the Complaint contains legal conclusions for which no response

6    is required, and to the extent a response is required, Sled denies the same. To the extent the

7    allegations of Paragraph 153 of the Complaint seek to paraphrase or characterize the contents of

8    a written document, the document speaks for itself, and Sled denies the allegations to the extent

9    that they are inconsistent with the document.

10    154.    Paragraph 154 of the Complaint contains legal conclusions for which no response

11   is required, and to the extent a response is required, Sled denies the same.

12    155.    Paragraph 155 of the Complaint contains legal conclusions for which no response

13   is required, and to the extent a response is required, Sled denies the same. To the extent the

14   allegations of Paragraph 155 of the Complaint seek to paraphrase or characterize the contents of

15   a written document, the document speaks for itself, and Sled denies the allegations to the extent

16   that they are inconsistent with the document.

17    156.    Paragraph 156 of the Complaint contains legal conclusions for which no response

18   is required, and to the extent a response is required, Sled denies the same. To the extent the

19   allegations of Paragraph 156 of the Complaint seek to paraphrase or characterize the contents of

20   a written document, the document speaks for itself, and Sled denies the allegations to the extent

21   that they are inconsistent with the document.

22    157.    Paragraph 157 of the Complaint contains legal conclusions for which no response

23   is required, and to the extent a response is required, Sled denies the same.

24    158.    Sled denies the allegations in Paragraph 158 of the Complaint.

25    159.    Sled denies the allegations in Paragraph 159 of the Complaint.

26    160.    Sled denies the allegations in Paragraph 160 of the Complaint.

ANSWER – 16
3:25-CV-06189-MLP

161.    Sled denies the allegations in Paragraph 161 of the Complaint.

## VII. JURY DEMAND

162.    No response is required to the averments in Paragraph 162 of the Complaint.

## VIII. PRAYER FOR RELIEF

Sled denies that Plaintiff is entitled to any of the relief requested in her Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defense to preserve them for trial.  Defendant does not allege or admit that it bears the burden of proof with respect to any of the following defenses, nor does Defendant assume the burden of proof of any matters that would otherwise rest on Plaintiffs.  Defendant does not waive any applicable affirmative defenses and Defendant reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff cannot adequately represent the putative class because she cannot establish that she is entitled to any relief under the claims asserted. Plaintiffs' claims are barred to the extent Plaintiff is not an adequate class representative and/or has a conflict of interest.

3.    Plaintiff's individual claims fail as a matter of law, rendering her unable to satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23.

4.    The action is not proper for class certification because Plaintiffs cannot meet the prerequisites for class certification under Rule 23(a), and Plaintiffs bear the burden to prove them all.

5.    The action is not proper for class certification because Plaintiffs cannot meet the requirements for class certification under Rule 23(b), and Plaintiffs bear the burden to prove them all.

ANSWER – 17
3:25-CV-06189-MLP

6.      Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, and/or ratification based on Plaintiff's conduct and course of dealing with Defendant.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

9.      Plaintiff lacks standing to bring this action.

10.     Plaintiff's claims under RCW 19.190.020 are barred, in whole or in part, because Sled did not know, nor did it have reason to know, that Plaintiff was a Washington resident at the time the alleged commercial electronic mail messages were transmitted.

11.     Plaintiffs' purported claims are barred, in whole or in part, to the extent that Plaintiffs agreed to a waiver of any class action.

12.     Plaintiffs' purported claims are barred because Defendant and/or its agents relied in good faith on the prior express consent submitted by or on behalf of Plaintiffs.

13.     The allegations of the Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the right to seek an award of fees and costs of this lawsuit against Plaintiffs.

14.     The action is not proper for class certification because Plaintiff cannot establish the numerosity requirement since there are no other known individuals similarly situated as Plaintiff.

15.     Plaintiffs' claims are barred because they lack standing and have not suffered any Article III injury.

16.     Plaintiff's claims are barred to the extent that Plaintiffs engaged in entrapment and/or are a professional plaintiff litigant.

17.     This Court does not have jurisdiction over the alleged claims to the extent that Plaintiffs are bound by an arbitration clause and required to arbitrate these claims.

ANSWER – 18
3:25-CV-06189-MLP

18. Sled reserves the right to assert additional affirmative defenses as discovery progresses and additional facts become known.

Dated: February 12, 2026

SNELL & WILMER L.L.P.

By: */s/ Amit D. Ranade*
    */s/ Benjamin C. Woodruff*
    Amit D. Ranade, WSBA # 34878
    Benjamin C. Woodruff, WSBA # 56618
    600 University Street, Suite 310
    Seattle, WA 98101-3122
    Telephone:  206.741.1420
    aranade@swlaw.com;
    bwoodruff@swlaw.com

    *Attorneys for Defendant*

4910-4267-2783

SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420