**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

DEBORAH CERKEZOGLU, on her own behalf and on behalf of others similarly situated,

Plaintiff,

v.

SLED DISTRIBUTION, LLC, d/b/a MY MEDIC,

Defendant.

Case No. 3:25-cv-06189-BHS

Honorable Judge Benjamin H. Settle

PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 56(d) AND TO STRIKE AFFIDAVIT OF LANDON UDY

Noting Date:
June 29, 2026

***ORAL ARGUMENT REQUESTED***



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

**TABLE OF CONTENTS**


I. INTRODUCTION AND RELIEF REQUESTED ........ 1

II. FACTUAL & PROCEDURAL BACKGROUND ........ 1

A. Sled is obstructing material discovery on its Rule 56 Motion. ........ 2

B. Sled's Declaration submitted in support of its Rule 56 Motion turns on hearsay and attestations unsupported by personal knowledge ........ 6

III. STANDARD OF REVIEW ........ 8

IV. ARGUMENT ........ 10

A. Relief Under Rule 56(D) Is Justified Here. ........ 10

B. Mr. Udy's Affidavit Provides No Basis For Sled's Rule 56 Motion. ........ 15

V. CONCLUSION ........ 17




STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ... 9

*Bishop-Foster v. All. One Receivables Managements, Inc.*, 2008 WL 80240 (W.D. Wash. Jan. 7, 2008) ... 14

*Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767 (9th Cir. 2003) ... 8, 9, 10, 12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ... 16

*CenTra, Inc. v. Estrin*, 538 F.3d 402 (6th Cir. 2008) ... 9

*Costa v. Cnty. of Ventura*, 680 F. App'x 545 (9th Cir. 2017) ... 15

*Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264 (4th Cir. 2013) ... 9

*Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94 (2d Cir. 2000) ... 9

*Howard v. Kijakazi*, 2023 WL 2138346 (W.D. Wash. Feb. 21, 2023) ... 13, 14

*InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653 (9th Cir. 2020) ... 8, 10, 13, 17

*Kempf v. Fullbeauty Brands Operations, LLC*, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026) ... 12

*Lambert v. Dennis*, 2016 WL 7445154 (W.D. Wash. Nov. 4, 2016) ... 16

*Lookabill v. City of Vancouver*, 2014 WL 28856 (W.D. Wash. Jan. 2, 2014) ... 14



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

*Metabolife Int'l, Inc. v. Wornick*,
264 F.3d 832 (9th Cir. 2001) ....................9, 10, 14

*Miles v. Shanghai Zhenhua Port Mach. Co.*,
2009 WL 2473482 (W.D. Wash. Aug. 10, 2009) ....................14

*Murphy v. Wedan*,
2026 WL 962454 (9th Cir. Apr. 9, 2026) ....................8

*Ngerntongdee v. Vaughan*,
2008 WL 5000244 (W.D. Wash. Nov. 21, 2008) ....................14, 15

*Osborne v. Boeing Co.*,
2016 WL 1046094 (W.D. Wash. Mar. 16, 2016) ....................16

*Puget Soundkeeper All. v. Cruise Terminals of Am., LLC*,
2014 WL 4649952 (W.D. Wash. Sept. 16, 2014) ....................14

*Skylstad v. Fischer*,
2020 WL 5821714 (W.D. Wash. Feb. 25, 2020) ....................16

*Texas Ins. Co. v. Ares Ins. Managers LLC*,
2025 WL 1285763 (W.D. Wash. May 2, 2025) ....................14

*United States v. Dibble*,
429 F.2d 598 (9th Cir. 1970) ....................16

*Unum Life Ins. Co. of Am. v. McDonald*,
2025 WL 1447586 (W.D. Wash. May 20, 2025) ....................9, 10

*Van Asdale v. Int'l Game Tech.*,
577 F.3d 989 (9th Cir. 2009) ....................16

*Washington v. Ulta Salon, Cosms. & Fragrance, Inc.*,
2026 WL 571122 (E.D. Wash. Feb. 27, 2026) ....................12

*Wichita Falls Office Assoc. v. Banc One Corp.*,
978 F.2d 915 (5th Cir. 1992) ....................8

**Statutes**

Wash. Rev. Code. (RCW) § 19.190.020 ....................10, 12

**Rules**

Fed. R. Evid. 801 ....................16

Fed. R. Civ. P. 56 .................... *passim*



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Plaintiff Deborah Cerkezoglu hereby moves the Court for relief under Fed. R. Civ. P. 56(d) and to strike the Declaration of Landon Udy (Dkt. 21). By separate Motion, Plaintiff concurrently moves to stay any requirement that she substantively respond to Defendant Sled Distribution, LLC, d/b/a/ My Medic's ("Sled") Motion for Summary Judgment (Dkt. 20).

## I. INTRODUCTION AND RELIEF REQUESTED

This is not a case where the defendant moved for summary judgment after discovery revealed a fatal defect in Plaintiff's claims. It is the opposite. Sled answered the Complaint, denied nearly every allegation, asserted seventeen affirmative defenses, participated in Rule 26(f) proceedings, received Plaintiff's discovery requests, and then filed a summary judgment motion before its responses were due. Sled further refused to provide discovery on the very subjects addressed in its declaration supporting summary judgment, simultaneously seeking a protective order blocking Plaintiff's ability to obtain that information. Rule 56(d) exists precisely to prevent litigants from manufacturing a one-sided factual record and then seeking judgment before the opposing party has a fair opportunity to test the asserted facts. Sled's Motion is wholly premature, and Plaintiff does not have sufficient information to respond to the Motion.

Relief is warranted under Rule 56(d). Discovery should be permitted to proceed in this matter, and Sled's Motion for Summary Judgment (Dkt. 20) should be denied without prejudice or held in abeyance until discovery closes.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed this case in Washington Superior Court, Grays Harbor County on November 26, 2025. Dkt. 1-1. Sled removed the case on December 31, 2025. Dkt. 1. The Complaint alleges that Sled violated Washington's Consumer Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA") through transmitting numerous marketing emails to Plaintiff and other



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Washington residents that contain "false or misleading" subject lines intended to "invoke false urgency" about the availability of deals and promotions on its products. *See generally* Dkt. 1-1. Sled answered the Complaint on February 12, 2026, in lieu of filing a motion to dismiss, and denied almost all allegations in the complaint. Dkt. 13. The answer raised seventeen affirmative defenses. *Id.* at pp. 17-19.

On March 27, 2026, the parties engaged in a Rule 26(f) videoconference, and on April 13, 2026, they filed their Joint Rule 26(f) report. Dkt. 18. As represented therein, Defendant "denies that Plaintiff is entitled to any of the relief requested in her Complaint." *Id.* at 2. The parties did not agree to any case deadlines. *See generally id.* On April 14, 2026, the Court issued an Order setting class certification briefing. Dkt. 19. The Order did not set a discovery cutoff date. *Id.*

**A. Sled is obstructing material discovery on its Rule 56 Motion.**

On April 6, 2026, Sled served its Rule 26(f) initial disclosures on Plaintiff. In the three-page document, Sled disclosed scant information, largely using generalized terms in its disclosure of documents and persons, identifying "documents, electronically stored information, and tangible things in the possession, custody, or control of Sled and presently known to Sled" under Rule 26(a)(1)(A)(ii)) and disclosing "a representative of Sled" as a witness under Rule 26(a)(1)(A)(i))). Affidavit of Lynn A. Toops, attached hereto ("Toops Aff."),[1] ¶ 3; Ex. 1 (Defendant's Rule 26 Disclosures), pp. 2-3. Sled did identify Landon and JoLynn Udy, as managers of Sled. *See id.* Of course, Landon Udy is the declarant upon whom Sled's premature summary judgment motion rests. Dkt. 21.

On April 14, 2026, Plaintiff served the following discovery requests on Sled:

[1] All subsequent exhibit citations incorporate the Lynn A. Toops Affidavit, to which they are attached.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Interrogatories, Requests for Admission ("RFA") and Requests for Production ("RFP").[2] Toops. Aff., ¶¶ 4-5, Exs. 2, 3, 4. Plaintiff additionally served Sled with a Notice of Deposition pursuant to Rule 30(b)(6). Toops Aff., ¶ 6; Ex. 5.

On May 11, 2026, before its discovery responses were due, Sled filed the present Motion for Summary Judgment, relying on the Declaration of Mr. Udy. Dkts. 20-21. On May 12 and 13, Plaintiff conferred with Defendant regarding discovery requests related to the factual assertions in its summary judgment motion. Toops Aff., ¶¶ 7-9, Ex. 6, pp. 2-6. Among other things, Plaintiff identified material information, sought in discovery requests, that would be necessary to respond to the facts submitted by Sled in its Rule 56 Motion. Specifically, counsel for Plaintiff identified to defense counsel: (a) RFP Nos. 7-9 "regarding recipient information, Washington recipients, and methods used to infer or determine recipient location," (b) RFP Nos. 13-14 "regarding third-party vendors, analytics providers, identity resolution services, and related agreements/communications," and (c) RFP Nos. 15-16 "regarding geographic analytics and marketing performance data." Toops Aff., ¶ 9, Ex. 6, pp. 2-3.

Additionally, on May 13, 2026, Plaintiffs served Defendant with a Notice of Rule 34 inspection of Sled's Email Marketing Platforms and Systems, in part to ensure access to discovery regarding Sled's factual assertions about its email marketing platform, Klaviyo (Dkt. 21, ¶¶ 2, 3, 5-7). Toops Aff., ¶ 9, Ex. 7. The Notice itself sought an inspection of Sled's "systems, platforms, and tools used by Defendant to create, manage, transmit, and track marketing or promotional emails sent to customers, including but not limited to any email marketing platforms, customer relationship management systems, or third-party marketing services used by Defendant during the

[2] Plaintiffs served the Requests for Production on March 20, 2026, agreeing to extend Sled's response to the same deadline as the discovery served on April 14. Toops Aff., ¶ 5.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

relevant time period." Ex. 7, pp. 1-2. Among other things, the Notice identified the following categories of discoverable information through the inspection:

1. The platform dashboard and administrative configuration settings.
2. Email campaign creation tools and campaign records.
3. Customer email lists, audience segmentation tools, and suppression lists.
4. Email templates and stored email content.
5. Tracking mechanisms used in marketing emails, including open tracking, click tracking, and embedded tracking pixels.
6. Integration settings connecting the email platform with third-party systems, analytics platforms, or advertising services.
7. Automated workflows or triggered email campaigns.
8. System reports reflecting email transmission, delivery, open rates, and click activity.
9. Audit logs, change histories, or user activity logs reflecting creation or modification of campaigns, templates, or tracking settings.

*Id.* at p. 2. As Plaintiff made clear in conferrals with Defendant, its responses to these requests are necessary to Plaintiff's response to factual assertions made in Sled's Rule 56 Motion. Toops Aff., ¶ 11; Ex. 6, pp. 1-2.

Defendant refused to provide any of the requested information, or even, to provide narrowed discovery responses related to the curated "facts" submitted through Mr. Udy's two-page Declaration on Sled's Motion. Toops Aff., ¶ 11, Ex. 6., pp. 1-2. And on May 21, 2026, Sled moved for a protective order to "stay[ ] class-wide discovery pending resolution of Sled's Motion for Summary Judgment (Dkt. 20) and limit[ ] discovery during that period to matters directly related to Plaintiff Deborah Cerkezoglu [ ] herself." Dkt. 22, p. 1.

That same day, ten days after filing for summary judgment, Sled responded to Plaintiffs' discovery requests. Toops Aff., ¶ 12; Exs. 8, 9, 10 (May 21, 2026 discovery responses). Sled's responses are better characterized as refusals. As to each of the 13 Interrogatories served on Sled, it objected to every one and further "decline[d] to respond." Ex. 8, pp. 2-11. As to the 23 of 24 RFPs, Sled mirrored its Interrogatory non-responses. Ex. 9, pp. 2-19. Sled did agree to produce



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

documents as to RFP No. 19 that requested "all documents relating to Plaintiff." *Id.* at p. 15. It made a small production, Toops Aff., ¶ 13, constituting eleven pages of documents that appear to be scans or screenshots, several of which contain the name "Deborah Theriault" and three of which appear to be from a site called "ICANN LOOKUP," all of which were attached to Mr. Udy's summary judgment affidavit. *Compare* Ex. 11 *with* Dkt. 21, Exs. A, B, C. Likewise, Sled refused to respond to eight of the 17 RFAs. As to the other RFAs, Sled's responses, each subject to several objections, provide little information Plaintiff did not already know before filing this matter:

- RFA No. 1: Sled admits that it "transmitted commercial email messages to consumers during the Class Period." Ex. 10, p. 1
- RFA No. 6: Sled denies that specific emails pled by Plaintiff "did not accurately reflect the date of the sale." *Id.* at pp. 4-5
- RFA No. 7: Sled denies that it "purchased, rented, or paid for lists of emails of consumers from third parties." *Id.* at pp. 5-6
- RFA No. 8: Sled admits that it was "responsible for composing, supervising, or approving the content and subject headings of marketing emails sent to consumers." *Id.* at 6.
- RFA No. 9: Sled admits that it was "responsible for composing, supervising, or approving the content and subject headings of the emails" pled in the Complaint. *Id.* at 6-7.
- RFA No. 10: Sled denies that "marketing email subject headings" sent by Sled or on Sled's behalf "were deceptive." *Id.* at 7.
- RFA No. 11: Sled denies that "marketing email subject headings" sent by Sled or on Sled's behalf "included misleading information in the body of the email message." *Id.* at 7-8.
- RFA No. 13: refusing to respond directly to the Request, Sled provided a response to a different question: "admit[ting] that Sled emails promoted products that it Sold." *Id.* at 8-9.
- RFA No. 17: refusing to respond directly to the Request, Sled provided a response to a different question: "admit[ting] that it uses a service, Klaviyo, which provides location information for some of the recipients of its marketing emails. Sled denies that it knows the geographic location of every recipient of its marketing emails." *Id.* at 10-11.

So, unsurprisingly, Sled is denying any assertions of fact that would render it liable under Plaintiff's claims in this matter, and its admissions amount to an acknowledgment that it did send "commercial emails" to consumers, including those pled in the Complaint, that promoted Sled's



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

products. *See supra.* The sole new information, that Sled uses Klaviyo, merely confirms information pled in the Complaint, regarding the service it employs to execute its email marketing campaigns. *See* Dkt. 1-1, ¶¶ 120, 124-25.

In summary, Sled's largely non-responsive discovery responses maintain the black box it would like to remain in. Sled is clearly hoping to get rid of this meritorious case—through denials in its Answer, a premature motion for summary judgment, and complete obstruction of Plaintiff's reasonable discovery requests.

### B. Sled's Declaration submitted in support of its Rule 56 Motion turns on hearsay and attestations unsupported by personal knowledge.

Sled submits a two-page Declaration by Landon Udy in support of its Rule 56 Motion that is riddled with improper attestations, assumed facts, and the kind of carefully curated attestations that offer little in the way of particularized facts. Dkt. 21. Notably, Sled does not claim that these few facts, submitted in support of its Motion, are "undisputed" (*see generally* Dkt. 20) as required by Rule 56. R. 56(a) (summary judgment granted where "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). That aside, many of the proffered facts are not properly authenticated or admissible here.

Mr. Udy submits this Declaration on behalf of Sled in his role as "the manager of [Sled]." Dkt. 21, ¶ 1. In that capacity, he attests that Sled uses Klaviyo for "email marketing," a program that "provides location information for the recipients of Sled's marketing emails." *id.* at ¶¶ 2-3. He further attests that "Sled's Klaviyo records do not contain any information associated with the name Deborah Cerkezoglu," that Sled has no records that it sent emails to Deborah Cerkezoglu or that she made any purchases through "its digital platforms, including the MyMedic website." *Id.* at ¶¶ 4, 6-7. Mr. Udy does not attest to personal knowledge about the email address(es) owned and used by Ms. Cerkezoglu, however. *See generally id.*



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Without attesting to any personal knowledge about "Deborah Theriault," or any such attestations supporting his association between Ms. Theriault and Ms. Cerkezoglu, Mr. Udy appears to assume that Sled's information regarding Ms. Theriault is, in fact, information about, Ms. Cerkezoglu. Dkt. 21, ¶¶ 4-7. But Rule 56(c)(4) requires more than a witness's assurance that a fact is true. The declaration must demonstrate personal knowledge, establish an adequate foundation, and set forth admissible facts rather than conclusory assertions. *See id.* Many of Mr. Udy's material attestations fail all three requirements.

Mr. Udy states that "all information available to Sled indicated [Plaintiff] was a resident of Virginia" (Dkt. 21, ¶ 11) but he does not identify the records reviewed, the searches performed, the databases consulted, the employees involved, the methodology used, or the basis for concluding that "all information available to Sled" indicated Plaintiff resided in Virginia. *See generally id.* This is not evidence, it is unsupported conclusion—precisely the type of conclusory assertions that cannot support summary judgment.

The declaration repeatedly assumes that "Deborah Theriault" is Plaintiff Deborah Cerkezoglu. *See generally id.* Mr. Udy never explains how he knows that fact. He does not claim personal knowledge of Plaintiff, personal knowledge of her marriage, personal knowledge regarding ownership of the email address referenced in the declaration, or personal knowledge regarding the accuracy of information appearing on third-party websites. *See generally id.* Instead, the declaration simply assumes these facts and then builds further conclusions upon them.

Mr. Udy makes additional—perhaps, carefully curated—vague attestations asserting that no "consumer information" or "identity resolution services" it may have purchased, nor "any other information" it "[has] access to" "indicat[es]" that Plaintiff is a Washington resident. *Id.* at ¶¶ 8-10. And, finally, he attests to a "true and correct copy" of an "ICANN Registration Lookup page"



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

associated with "gmail.com." *Id.* at ¶ 9.

Sled is attempting to establish a corporate state of mind through a two-page declaration from a single manager while simultaneously refusing discovery into the very systems, databases, vendors and communications that would reveal what information was actually available to Defendant.

## III. STANDARD OF REVIEW

"[L]ightning-quick summary judgment motions can impede informed resolution of fact-specific disputes." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 774 (9th Cir. 2003). Therefore, a Rule 56(d) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Id.* at 773-74 (quoting *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992) (quotations omitted)).

Rule 56(d) states in full: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*[3]

Relief under Rule 56(d) is particularly appropriate when summary judgment is sought early in a case and before meaningful discovery has been conducted. Where "no discovery has been conducted," summary judgment is "precipitous, premature and [does] not fairly permit development of the issues for resolution, because the 'nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *InteliClear, LLC v. ETC Glob.*

[3] "Rule 56(f) [ ] was moved to Rule 56(d) in the 2010 amendment to the Rules." *Murphy v. Wedan*, 2026 WL 962454, at *1 (9th Cir. Apr. 9, 2026).



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

*Holdings, Inc.*, 978 F.3d 653, 663–64 (9th Cir. 2020) (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quotations omitted)). *See, e.g.*, *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013) ("As a general proposition, "summary judgment is appropriate only after adequate time for discovery." (citation and quotations omitted)); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) ("Typically, when the parties have no opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion."); *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

Indeed, where summary judgment is "filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery," the Ninth Circuit instructs the district court to "grant any [Rule 56(d)] motion fairly freely." *Burlington*, 323 F.3d at 773. Indeed, "the Supreme Court has restated the rule as *requiring*, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Int'l*, 264 F.3d at 846 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986) (emphasis added)).

"Denial of a Rule 56(d) motion is 'generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Unum Life Ins. Co. of Am. v. McDonald*, 2025 WL 1447586, at *2 (W.D. Wash. May 20, 2025) (quoting *Burlington*, 323 F.3d at 774-75). The Ninth Circuit cautions, however, that where "no discovery whatsoever has taken place, the party making a [Rule 56(d)] motion cannot be expected to frame



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington*, 323 F.3d at 774.

## IV. ARGUMENT

### C. Relief under Rule 56(d) is justified here.

Sled's gamesmanship is clear. Discovery has just begun, and instead of meaningfully participating, its efforts are singularly aimed at mounting wall *against* good faith disclosure of facts, while aggressively pursuing an escape route from this case, through its Rule 56 Motion that turns on an affidavit littered with conclusory assertions. In situations like this, where little-to-no discovery has taken place, the Ninth Circuit is clear that summary judgment is "precipitous [and] premature," and granting it would not "fairly permit development of the issues" or provide Plaintiff "the opportunity to discover information that is essential to [her] opposition." *InteliClear*, 978 F.3d at 663–64. In such cases, Rule 56(d) relief should be granted "fairly freely." *Burlington*, 323 F.3d at 773. That is the course "requir[ed]" here. *Metabolife*, 264 F.3d at 846.

Plaintiff has met the requirements for Rule 56(d) relief, through timely application, supported by an affidavit which "specifically identifies" not just the "relevant" but *key* "information" that can be expected—even at this stage with little disclosed facts—to "actually exist[ ]." *Unum Life Ins.*, 2025 WL 1447586, at *2.

Sled's Motion is narrowly attempting to defeat this case through purported facts demonstrating that it did not "know" or have "reason to know" Plaintiff's status as a Washington resident when it sent the emails pled in the Complaint as violations of CEMA and the CPA. Dkt. 20, pp. 3-6; *see* RCW § 19.190.020(1)(b) (violation of CEMA to transmit "a commercial electronic mail . . . to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident" with "false or misleading information in the subject line"). Defendant's



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

entire motion depends on proving what information was available to Sled at the time the emails were transmitted. Yet Defendant has refused to produce the very records, databases, analytics platforms, recipient data, and third-party vendor information necessary to evaluate that claim. Mr. Udy's conclusory declaration is no substitute for discovery into those systems.

Sled's own Rule 56 averments provide a basis for Plaintiff to identify material information, likely to exist, that is necessary to directly oppose Sled's Motion. As to Sled's claims that it has transmitted marketing emails solely to one email address associated with Plaintiff, or a person named Deborah Theriault who it assumes to be Plaintiff, Dkt. 21, ¶¶ 4-7, the following discovery requests are directly responsive: (a) "all email addresses to which Defendant sent marketing emails during the Class Period" (RFP No. 7); and (b) "all marketing email recipients whom Defendant knew or had reason to know were/are residents of the State of Washington" (RFP No. 8). Ex. 4, p. 7. Additionally, the noticed Rule 34 dashboard inspection is inclusive of the Klaviyo platform Sled acknowledges that is uses for "email marketing," Dkt. 21, ¶¶ 2-3, and the following noticed categories of inspection would be directly responsive to Sled's claims regarding whether Klaviyo provided "reason to know" that Plaintiff is a Washington resident: "dashboard and administrative configuration settings," "[c]ustomer email lists, audience segmentation tools, and suppression lists," "[t]racking mechanisms used in marketing emails, including open tracking, click tracking, and embedded tracking pixels," "[i]ntegration settings connecting the email platform with third-party systems, analytics platforms, or advertising services," "[s]ystem reports reflecting email transmission, delivery, open rates, and click activity," and "[a]udit logs, change histories, or user activity logs reflecting creation or modification of campaigns, templates, or tracking settings." Ex. 7, p. 2.

Plaintiff should not be limited to Sled's self-serving, two-page affidavit as to its knowledge



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

of or "reason to know" Plaintiff's residency under RCW § 19.190.020. And any lack in specificity by Plaintiff regarding whether Sled is in possession of additional means for such knowledge should not be weighed against Plaintiff at this early stage, in the face of Sled's obstruction on served discovery requests. *See Burlington*, 323 F.3d at 774 (where "no discovery whatsoever has taken place" Plaintiff "cannot be expected to frame [the Rule 56(d)] motion with great specificity as to the kind of discovery likely to turn up useful information").

As Plaintiff has alleged, there are myriad ways a commercial defendant like Sled has "reasons to know" the residency of those who receive its marketing emails, including through: (1) the recipient's purchase from the defendant's website, (2) IP addresses of the devices used by recipients to open their emails, (3) a defendant's purchase of consumer data linking email addresses to physical location, and (4) via "identity resolution" services that connect emails to locations. Dkt. 1-1, ¶¶ 120-129. *See, e.g.*, *Washington v. Ulta Salon, Cosms. & Fragrance, Inc.*, 2026 WL 571122, at *2 (E.D. Wash. Feb. 27, 2026) (crediting several "methods of obtaining residence information," that "support the claim Ulta has 'reason to know' the residency of the recipients of its marketing e-mails"); *Kempf v. Fullbeauty Brands Operations, LLC*, 2026 WL 395677, at *2-*3 (W.D. Wash. Feb. 12, 2026) (multiple methods through which corporate defendants learn residency information about email recipients).

In this vein, Plaintiff's broader requests on this issue of Sled's actual or constructive knowledge are material to ensuring a fulsome response against its bid for a premature, back-door summary judgment resolution of this matter. Plaintiff has made several discovery requests that would develop *full* facts on Sled's actual or constructive knowledge about her Washington residency, including that the Rule 34 dashboard inspection seeks relevant information, described *supra* pp. 3-4, about *any* "systems, platforms, and tools used by Defendant to create, manage,



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

transmit, and track marketing or promotional emails sent to customers." Ex. 7, pp. 1-2. Further, the following discovery requests likewise go to Sled's bases for knowing the residency of recipients of its marketing emails:

- "All documents sufficient to show how Defendant determines, infers, or tracks the geographic location of email recipients, including through IP address data, purchase data, account information, or third-party data sources." (RFP No. 9);
- "All documents identifying third-party vendors or platforms used for email marketing, analytics, location tracking, identity resolution, or consumer data enrichment, including but not limited to data brokers or identity resolution services." (RFP No. 13);
- "All contracts, agreements, statements of work, or communications with such third parties relating to email marketing or recipient data." (RFP No. 14);
- "All documents sufficient to show Your marketing email performance, including open rates, click-through rates, conversion rates, bounce rates, unsubscribe rates, or geographic analytics." (RFP No. 15); and
- "All documents reflecting revenue, sales attribution, conversion analysis, efficiencies, or business benefits derived from marketing emails or urgency-based subject lines." (RFP No. 16).

Ex. 4, pp. 5-6.

Thus, Plaintiff has identified the discovery needed—discovery that has been sought—to properly contest Sled's Motion. But even a cursory review of Sled's Motion—which assumes all "reasons to know" Plaintiff's residency and conveniently provides those reasons in a two-page affidavit—is wildly premature. *See InteliClear*, 978 F.3d at 663–64 (summary judgment "precipitous [and] premature," without discovery to "fairly permit development of the issues" and provide Plaintiff "the opportunity to discover information that is essential to [her] opposition"). At this point, the number of assumptions the Court would have to make to find that Sled is right is simply too high to grant summary judgment and kick this case out of court.

Case after case in this District has found, under similar circumstances, summary judgment premature and granted Rule 56(d) relief. As Judge Jones emphasized in *Howard v. Kijakazi*, 2023



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

WL 2138346 (W.D. Wash. Feb. 21, 2023), "summary judgment is appropriate when, *after adequate time for discovery*, a party fails to establish an essential element of their case." *Id.* at *1 (citation omitted) (emphasis added); *id.* at *2-*3 (denying summary judgment). In *Puget Soundkeeper All. v. Cruise Terminals of Am., LLC*, 2014 WL 4649952 (W.D. Wash. Sept. 16, 2014), the defendant—as here—"filed its motion for summary judgment early in this case based on no evidence other than the declaration of its General Manager" before the court had issued discovery deadlines in the case, and Judge Coughenour acknowledged that, "[i]n these circumstances, the Ninth Circuit interprets Rule 56(d) to *require* additional discovery. *Id.* at *5. (citing *Metabolife Int'l*, 264 F.3d at 846) (emphasis added). *See also Ngerntongdee v. Vaughan*, 2008 WL 5000244, at *1 (W.D. Wash. Nov. 21, 2008) (Martinez, J.) ("Here, the Court finds that Plaintiff's [Rule 56(d)] motion should be granted for two primary reasons. First, the information Plaintiff seeks through discovery in order to respond to Defendant's motion for summary judgment goes to the heart of Plaintiff's claim. Second, and relatedly, Plaintiff has not even had the opportunity to conduct *any* meaningful discovery in this case." (emphasis original)).[4] As the Court emphasized in *Ngerntongdee*, "courts should [not] make hasty determinations based on an incomplete record. It would be grossly unfair for the Court to rule on Defendant's motion without

[4] *See, e.g.*, *Texas Ins. Co. v. Ares Ins. Managers LLC*, 2025 WL 1285763, at *3 (W.D. Wash. May 2, 2025) (Evanson, J.) (granting Rule 56(d) relief and denying summary judgment where discovery was "far from complete"; noting that the court would not "spi[n] its wheels by considering a summary judgment motion when the parties have not had time to develop an adequate factual record" (citation and quotations omitted)); *Lookabill v. City of Vancouver*, 2014 WL 28856, at *3 (W.D. Wash. Jan. 2, 2014) (Bryan, J.) ("Plaintiffs' motion to defer consideration of the summary judgment motion pursuant to Fed.R.Civ.P. 56(d) [ ] should be granted. . . . [D]eferral of the motion until discovery has occurred serves the interest of fully and fairly considering the claims asserted here. Defendants' summary judgment motion should be stricken, but maybe renoted after parties have conducted discovery."); *Miles v. Shanghai Zhenhua Port Mach. Co.*, 2009 WL 2473482, at *2–3 (W.D. Wash. Aug. 10, 2009) (Burgess, J.) (granting Rule 56(f) relief where the defendant filed for summary judgment nearly a year before the deadline for completion of discovery and upon a finding that plaintiff was entitled to discovery on the defendant's "role in this accident an[d] its contacts with this jurisdiction"); *Bishop-Foster v. All. One Receivables Managements, Inc.*, 2008 WL 80240, at *1-*2 (W.D. Wash. Jan. 7, 2008) (Lasnik, J.) (granting Rule 56(f) relief where "the lion's share of the discovery ha[d] yet to occur" despite the plaintiff's "hurried efforts to obtain discovery" in response to summary judgment; denying summary judgment "without prejudice to refile after the close of discovery").



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

giving Plaintiff an opportunity to substantiate his claim, especially where the material facts are in dispute." 2008 WL 5000244, at *3.

At an absolute bare minimum, Plaintiffs are entitled to test the assertions in Mr. Udy's affidavit in a deposition or later-served requests for admission. *See Costa v. Cnty. of Ventura*, 680 F. App'x 545, 547 (9th Cir. 2017) (reversing summary judgment where the district court "preclude[ed] the Estate from taking the depositions of the only living individuals who witnessed the shooting and instead rel[ied] exclusively on the defendants' declarations"; "[a]t a minimum, the denial of such discovery deprived the Estate of any opportunity to test the defendants' declarations through depositions").

More to the point, the Court should not use Sled's premature Motion to improperly narrow discovery here. That would reward Defendant for engaging in a campaign of obstruction on Plaintiff's reasonable discovery requests and sprinting to the courthouse. In its Motion, Sled has skirted the most basic factual disputes to contend that there is no case here. That is entirely improper at this stage.

The Court should grant Plaintiff's requested Rule 56(d) relief; discovery should proceed without delay; and Sled's Motion should be denied or held in abeyance until discovery closes. Rule 56(d) (court "may. . .defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order").

**D. Mr. Udy's Affidavit provides no basis for Sled's Rule 56 Motion.**

By this Motion, Plaintiff also moves to strike the Declaration (Dkt. 21) attached to Defendant's Summary Judgment Motion. "The Supreme Court has explained that '[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

inexpensive determination of every action.'" *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). And Rule 56 is clear that "[a]n affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Rule 56(c)(4).

Even if the Court were to consider it, Mr. Udy's Declaration itself creates credibility and factual issues that cannot be resolved on summary judgment, described *supra* Section II(B). Defendant asks the Court to accept Mr. Udy's interpretation of records, his assumptions regarding Plaintiff's identity, and his characterization of the information available to Defendant at the time the emails were transmitted. This is no basis for facts supporting a Rule 56 Motion. *See* R. 56(c); *see, e.g.*, *United States v. Dibble*, 429 F.2d 598, 600 (9th Cir. 1970) (A writing is not authenticated simply by attaching it to an affidavit[.]"); *Lambert v. Dennis*, 2016 WL 7445154, at *1 n. 1 (W.D. Wash. Nov. 4, 2016), *report and recommendation adopted,* 2016 WL 7441012 (W.D. Wash. Dec. 27, 2016), *aff'd,* 737 F. App'x 354 (9th Cir. 2018) (striking plaintiff's affidavit "to the extent . . . [it] contain[s] hearsay statements that could not be presented in an admissible form at trial"); *Skylstad v. Fischer*, 2020 WL 5821714, at *9 (W.D. Wash. Feb. 25, 2020), *report and recommendation adopted,* 2020 WL 3819235 (W.D. Wash. July 8, 2020) (same) (citing Fed. R. Evid. 801(a), (c); Rule 56(c)(4)); *Osborne v. Boeing Co.*, 2016 WL 1046094, at *5 (W.D. Wash. Mar. 16, 2016) (personal knowledge must be based on the declarant's "own personal experience").

To the extent Sled's Motion turns on information purportedly contained within its Klaviyo platform, Sled is obstructing Plaintiff's *right* to test Mr. Udy's attestations in discovery concerning Klaviyo itself. Plaintiff has specifically requested discovery regarding Klaviyo's configuration, recipient data, geographic information, audience segmentation, tracking functionality, integrations



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

with third-party services, and the data sources used to infer recipient location. *See supra* Section II(A). Defendant has refused that discovery while simultaneously asking the Court to accept its cursory characterization of the totality of information available through Klaviyo.

Rule 56(d) exists precisely to prevent this result. A defendant cannot rely on information contained within a proprietary system as the basis for summary judgment while denying the nonmovant access to discovery concerning that same system. Before the Court considers Defendant's "facts" regarding Klaviyo, Plaintiff must be afforded a meaningful opportunity to inspect the platform, obtain the relevant records, and test Defendant's assertions through discovery. Put another way, the Court's role at this early stage is not to credit a handful of attestations by Defendant's declarant where Plaintiff has been denied all meaningful examination of the basis for those assertions. *See InteliClear*, 978 F.3d at 663–64 (without no meaningful discovery or "opportunity to discover information that is essential to [Plaintiff's] opposition," summary judgment is "precipitous [and] premature").

Mr. Udy's Declaration lacks facial credibility, and is no basis whatsoever for summary disposition of this case, where discovery has hardly begun. It should be stricken from the record, and discovery should proceed apace.

## V. CONCLUSION

This meritorious case challenging Sled's extensive marketing through emails containing "false or misleading" information in the subject lines of its emails to consumers, including Plaintiff, should be litigated on the merits of the claims and defenses, as demonstrated by actual facts adduced through discovery, not a two-page affidavit littered with unauthenticated and inadmissible information.



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Defendant's Declaration filed in support of its shotgun summary judgment motion should be stricken from the docket and Sled's Motion should be denied, with leave to re-file after the close of discovery, consistent with the Rules and Court's scheduling orders. Finally, Plaintiffs should not have to respond to *this* summary judgment motion at all, which should be denied outright or held in abeyance until the end of discovery.

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

Dated: June 1, 2026

Respectfully submitted:

/s Samuel J. Strauss
Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV*
Michael C. Tackeff, *pro hac vice*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff*
*and the Putative Class*

**** Applications for admission pro hac vice forthcoming***

**CERTIFICATE OF SERVICE**

I, Samuel J. Strauss, hereby certify that on June 1, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 1st day of June, 2026.

Respectfully submitted,

*/s Samuel J. Strauss*
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com