UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH CERKEZOGLU, on her own behalf and on behalf of others similarly situated,<br>Plaintiff,<br>v.<br>SLED DISTRIBUTION LLC,<br>Defendant. | CASE NO. 3:25-cv-06189-BHS<br>ORDER |

THIS MATTER is before the Court on defendant SLED Distribution LLC's motion for a protective order, Dkt. 22, and plaintiff Deborah Cerkezoglu's motion for relief under Fed. R. Civ. P. 56(d) and to strike declaration of Landon Udy, Dkt. 23, and Cerkezoglu's motion to stay briefing on SLED's summary judgment motion, Dkt. 25.

This is a putative class action involving Washington's Commercial Electronic Mail Act (CEMA) and Consumer Protection Act (CPA) claims.

In May 2026, SLED moved for summary judgment on both of Cerkezoglu's claims. Dkt. 20. SLED's motion raises the threshold question of whether Cerkezoglu is a

Washington resident, arguing that all the information it had indicated Cerkezoglu resided in Virginia. *Id.* at 2 (citing Udy Decl., Dkt. 21).

Instead of responding to the summary judgment motion, Cerkezoglu moves for relief under Rule 56(d) and to strike Udy's declaration. Dkt. 23. She contends SLED has not provided any "records, databases, analytics platforms, recipient data, and third-party vendor information" to support its knowledge about Cerkezoglu's residency. *Id.* at 14–15. She argues she is entitled to full discovery on this issue because Udy's declaration is "no substitute for discovery into those systems." *Id.* at 15. She contends summary judgment premised entirely on Udy's 2-page declaration is premature and asks the Court to strike it for lack of facial credibility. *Id.* at 17, 21.

Cerkezoglu also seeks to stay briefing on SLED's summary judgment motion "for the reasons detailed in [her] Rule 56(d) Motion (Dkt. 23) and supporting materials." Dkt. 25.

SLED opposes both motions. Dkts. 33, 34. It argues Cerkezoglu has not provided a declaration or affidavit "listing specific facts the party hopes to elicit from discovery" as required by Rule 56(d). Dkt. 34 at 4 (citing *Ohio Sec. Ins. Co. v. Garage Plus Storage Aviation LLC*, 600 F. Supp. 3d 1164, 1172–73 (W.D. Wash. 2022)). It contends that the discovery sought is nonetheless irrelevant and suspects she "wants broad sweeping discovery to identify . . . other potential plaintiffs or class members." *Id.* at 8. It challenges Cerkezoglu's reasons for striking Udy's declaration as improper. *Id.* at 11–12. Finally, SLED argues Cerkezoglu's motion to stay is untimely and unreasonable because she asks for an indefinite stay in lieu of responding to summary judgment. *Id.* at 2.

SLED additionally moves for a protective order, requesting a stay on class-wide discovery and to limit discovery only to matters involving Cerkezoglu. Dkt. 22. It contends a stay would not prejudice Cerkezoglu, but "sweeping, class-wide" discovery at this stage would pose a significant burden on SLED. *Id.* at 5–7.

**A. Rule 56(d) Continuance**

When a nonmovant demonstrates it has insufficient facts to oppose a summary judgment motion, Rule 56(d) allows the Court to either "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order."

Cerkezoglu's sufficiently demonstrates her need for additional discovery. Although SLED is correct that Cerkezoglu's counsel's declaration does not recite the facts she seeks to elicit in further discovery, her motion provides adequate context. She persuasively contends that she requires SLED's records pertaining to its knowledge of her residency, beyond Udy's 2-page declaration, to respond to SLED's summary judgment motion. However, the Court does not deem it necessary to strike Udy's declaration from the record. Any further discovery may supplement the declaration. Accordingly, Cerkezoglu's motion for a Rule 56(d) continuance is **GRANTED**, while her request to strike Udy's declaration is **DENIED**. Her motion to stay the briefing schedule on SLED's motion for summary judgment is **GRANTED**.

**B. Rule 26(c) Protective Order**

Courts have discretion to grant protective orders to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P.

26(c). Generally, courts have broad latitude in fashioning protective orders and may, for example, limit discovery to certain matters. *Ctr. For Biological Diversity v. U.S. Dep't of Hous. & Urb. Dev.*, 241 F.R.D. 495, 497 (D. Ariz. 2006).

The Court determines SLED has shown good cause for a protective order limiting discovery to matters involving Cerkezoglu. Whether she is a Washington resident and can bring Washington claims on behalf of a class is a threshold issue that SLED is entitled to resolve before undertaking the burden of class-wide discovery. SLED's motion for a protective order is therefore **GRANTED**.

***

SLED is directed to respond to Cerkezoglu's discovery requests, on matters specific to Cerkezoglu herself, within 21 days of this Order. SLED's motion for summary judgment, Dkt. 20, is therefore **RE-NOTED** for August 17, 2026.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge